FILED by _____ D.C.

**Sep 8, 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: **11-80159-CR-RYSKAMP/HOPKINS**

18 U.S.C. § 1341
15 U.S.C. § 78j(b)
15 U.S.C. § 78ff(a)
17 C.F.R. § 240.10b-5
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

RYAN COBLIN,

      Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.      Delivery Technology Solutions, Inc. ("DTSL") was a Florida corporation that assisted businesses in delivering items nationally and internationally. DTSL's common stock was publicly quoted on the Pink OTC Markets, Inc., an inter-dealer electronic quotation and trading system in the over-the-counter securities market commonly referred to as the "Pink Sheets."

2.      Defendant **RYAN COBLIN** was the president of DTSL.

## COUNT 1
### MAIL FRAUD
### (18 U.S.C. § 1341)

1.      Paragraphs 1 and 2 of the General Allegations section of this Information are re-

alleged and incorporated by reference as if fully set forth herein.

2.      From in or around February 2011, through in or around April 2011, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RYAN COBLIN,**

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      The purpose of the scheme and artifice was for **RYAN COBLIN** to unjustly enrich himself by participating in a pay-to-play scheme to pay a fifty percent (50%) kickback to a purported hedge fund fiduciary to induce the hedge fund fiduciary to purchase DTSL shares at an artificially inflated price.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which **RYAN COBLIN** sought to accomplish the object of the scheme and artifice included, but was not limited to, the following:

4.      In March 2011, **RYAN COBLIN** agreed to participate in a pay-to-play scheme to pay a fifty percent (50%) kickback to a purported hedge fund fiduciary to induce the hedge fund fiduciary to use the hedge fund money to purchase DTSL shares at an artificially inflated price.

5.      On or about March 9, 2011, **RYAN COBLIN** spoke with a cooperating defendant posing as a friend of a hedge fund fiduciary to discuss the unlawful scheme. During this phone call, **COBLIN** agreed to pay and cause to be paid a fifty percent (50%) kickback to cause the purported

2

hedge fund fiduciary to purchase DTSL shares at an artificially inflated price.

6.      On or about March 18, 2011, **RYAN COBLIN** received a check in the approximate amount of $25,000 from the purported hedge fund to purchase approximately 166,666,666 shares of DTSL restricted stock.

7.      On or about March 24, 2011, **RYAN COBLIN** delivered approximately $12,500 in cash to pay an illegal kickback to the purported hedge fund fiduciary in exchange for purchasing DTSL stock at an inflated price

8.      On or about March 28, 2011, **RYAN COBLIN** sent and caused to be sent by Federal Express, a private interstate carrier, a certificate representing 166,666,666 shares of DSTL restricted stock.

## EXECUTION AND ATTEMPTED EXECUTION OF THE SCHEME AND ARTIFICE

9.      On or about March 28, 2011, the defendant, **RYAN COBLIN**, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered certain mail matter by a private or commercial interstate carrier, according to the directions thereon, to wit, the mailing of a certificate representing 166,666,666 shares of DSTL restricted stock, via Federal Express, to an address Weston, Florida.

In violation of Title 18, United States Code, Sections 1341 and 2.

3

**COUNT 2**
**SECURITIES FRAUD**
**(15 U.S.C. § 78j(b) and 78ff(a);**
**17 C.F.R. § 240.10b-5)**

1.      Paragraphs 1 and 2 of the General Allegations section of this Information are re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around February 2011 through in or around April 2011, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RYAN COBLIN,**

did knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities.

**PURPOSE OF THE SCHEME AND ARTIFICE**

3.      The purpose of the scheme and artifice was for **RYAN COBLIN** to unjustly enrich himself by participating in a pay-to-play scheme to pay a fifty percent (50%) kickback to a purported hedge fund fiduciary to induce the hedge fund fiduciary to purchase DTSL shares at an artificially inflated price.

4

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.    Paragraphs 4 through 8 of the Manner and Means section of Count 1 are realleged and incorporated herein by reference as a description of the scheme and artifice.

5.    In furtherance of the scheme and artifice, **RYAN COBLIN** used means and instrumentalities of interstate commerce, including interstate wire communication facilities and private common carriers.

## SECURITIES TRANSACTION

6.    On or about March 28, 2011, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, **RYAN COBLIN**, did knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities, to wit, the purchase and sale of 166,666,666 shares of DTSL restricted stock.

In violation of Title 15, United States Code, Section 78j(b); Title 15, United States Code, Section 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

1.      The allegations in Counts 1 and 2 of this Information are realleged and fully incorporated herein by reference for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2.      Upon conviction of any violation alleged in this Information, **RYAN COBLIN** shall forfeit to the United States any property constituting, or derived from, any proceeds which he obtained, directly or indirectly, as the result of such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461, and the procedures set forth at Title 21, United States Code, Section 853.


WIFREDO A. FERRER
UNITED STATES ATTORNEY


H. RON DAVIDSON
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RYAN COBLIN,

                    Defendant.
_____/

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami   ____ Key West
__X__ FTL   ____ WPB   ____ FTP

| | |
|---|---|
| New Defendant(s) | Yes ____ No ____ |
| Number of New Defendants | _____ |
| Total number of counts | _____ |

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:   (Yes or No)   __No__
    List language and/or dialect   _____

4.  This case will take   __0__   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

    | | | | |
    |---|---|---|---|
    | I | 0 to 5 days | __X__ | |
    | II | 6 to 10 days | ____ | Petty ____ |
    | III | 11 to 20 days | ____ | Minor ____ |
    | IV | 21 to 60 days | ____ | Misdem. ____ |
    | V | 61 days and over | ____ | Felony __X__ |

6.  Has this case been previously filed in this District Court? (Yes or No)   __No__
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?   (Yes or No)   __No__
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No)   __No__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   __X__ No

_____
H. RON DAVIDSON
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501144

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **RYAN COBLIN**

Case No: _____

Count #: 1

 Mail Fraud

 Title 18, United States Code, Section 1341

**\* Max.Penalty**:        Twenty (20) years' imprisonment

Count #: 2

 Securities Fraud

 Title 15, United States Code, Section 78j(b) and 78ff(a); Title 17, C.F.R., Section 240.10b-5

**\*Max. Penalty:**        Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**